UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____ X
                                          :

FOX SHIVER LLC                     :

                                     :     Case No.: 26-cv-2783-JMF

     Plaintiffs,              :

                                     :

     v.                          :

                                     :

ABC CORP AND DOES  1-100     :

                                   :

     Defendants.           :
_____ X

### ~~[PROPOSED]~~ EX PARTE TEMPORARY RESTRAINING ORDER, ASSET RESTRAINT, ORDER FOR ALTERNATIVE SERVICE, EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE

The Court having considered Plaintiff's *ex parte* application (the "Application"), including the Declarations of Justyna Dorsz and Dmitry Lapin, as well as all other papers filed in support of the Application, for the following relief:

(1) a temporary restraining order against Defendants, enjoining Defendants from the manufacture importation, distribution, offering for sale, and sale of infringing products (the "Infringing Products") bearing, using, or infringing upon Plaintiff's copyright to Plaintiff's work of art titled "Not Today" bearing U.S. Copyright Registration Number VA0002240645 (the "Subject Work");

(2) temporary restraint of certain of Defendants' assets, described below, to preserve Plaintiff's right to an equitable accounting;

(3) authorization for Plaintiff to serve the Court's Order upon the Service Providers (defined below) and the Financial Institutions (defined below), before Plaintiff attempts to serve Defendants with the Court's Order or the Complaint;

(4) expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Infringing Products, as well as of Defendants' financial accounts; and

(5) expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Infringing Products, as well as of Defendants' financial accounts.

Based on the papers and other evidence submitted in support of the Application, and for good cause shown, the Court makes the following Findings of Fact and Conclusions of Law:

### FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.      Plaintiff has demonstrated a likelihood of success on the merits of its copyright infringement claims under 17 U.S.C. § 101 et seq., relating to the Subject Work including ownership of a valid copyright and unauthorized copying by Defendants.

2.      As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's application for *ex parte* relief is granted. For example:

   a.   Defendants, without authorization of Plaintiff, have offered for sale Infringing Products that bears, uses, or otherwise infringes upon Plaintiff's rights to the Subject Work through Defendants' website, www.hoooyi.com (the "Website"), operated through Shopify.com ("Shopify") and other internet service providers (Shopify and all other service providers are jointly referred to herein as the "Service Providers")

   b.  Plaintiff has well-founded fears that more Infringing Products will appear on the Website, or on new/different websites held by Defendants; that consumers

may be misled, confused and disappointed by the quality of the Infringing Products, resulting  in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and good will related to products properly bearing, using, and sold utilizing Plaintiff's Copyrights (the "Fox Shiver Products").

c.  Plaintiff has well-founded fears that if they proceed on notice to Defendants on this Application, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the Infringing Products and information concerning the Infringing Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Infringing Products; and/or (iii) close down existing Online Storefronts, transfer Online Storefront information, and/or open a new Online Storefronts through which Defendants can unlawfully advertise, market, promote, distribute, offer for sale and/or sell the Infringing Products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.

3.    On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with Plaintiff's copyrights to the Subject Work and the Fox Shiver Products, if a temporary restraining order is not issued.

4.    Plaintiff has not publicized its request for a temporary restraining order in any way.

5.    If Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products.

Therefore, good cause exists for granting Plaintiff's request to proceed *ex parte* and for an asset restraining order.

6.      It typically takes banks and other financial institutions — including PayPal, Inc, Payoneer Inc., WorldPay, Inc., payment processors, and money transmitters (collectively referred to as the "Financial Institutions") — approximately five (5) days after service of an Order like this one to locate, attach, and freeze financial accounts associated with Defendants ("Defendants' Financial Accounts") and other assets belonging to Defendants ("Defendants' Assets").

7.      It is also anticipated that it will take Service Providers a minimum of five (5) days to freeze the user accounts through which Defendants operate their storefronts on the Service Providers' platforms ("Defendants' User Accounts").

8.      Service on Defendants should not take place until such actions are completed. As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Service Providers with this Order, and for the Financial Institutions and Service Providers to comply with the applicable terms of this Order before requiring service on Defendants.

9.      Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the Infringing Products. Thus, Plaintiff has established good cause for expedited discovery to be ordered.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** and it is **ORDERED** as follows:

**Temporary Restraints**

10.     IT IS HEREBY ORDERED, as sufficient cause has been shown, Defendants are temporarily enjoined and restrained from engaging in any of the following acts or omissions for twenty-eight (28)[1] days from the date of this order, and for such further period as may be provided by order of the Court

    a.  Using the Subject Work, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any products, including the Infringing Products;

    b.  Passing off, inducing, or enabling others to sell or pass off any product as a genuine Fox Shiver Product and/or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale pursuant to Plaintiff's copyrights to the Subject Work;

    c.  Committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d.  Further infringing Plaintiff's copyrights to the Subject Works and damaging Plaintiff's goodwill

    e.  Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner,

---

[1] The Court finds, pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure, that good cause exists to extend this temporary restraining order for a duration of twenty-eight days because, in the Court's experience, service in this type of case is complex and unlikely to be effectuated within fourteen days.

products or inventory not manufactured by or for Plaintiff, nor authorized

by Plaintiff to be sold or offered for sale, and which bear the Subject

Works, any reproductions, counterfeit copies, or colorable imitations

thereof

11.     IT IS HEREBY ORDERED, as sufficient cause has been shown, that immediately

upon receipt of service of this Order, Defendants and all persons in active concert and

participation with them who receive actual notice of this Order, including the Service Providers,

are restrained and enjoined from engaging in any of the following acts or commissions for

twenty-eight (28) days from the date of this order, and for such further period as may be

provided by this Court:

  a. instructing, aiding, or abetting Defendants and/or any other person or

   business entity in engaging in any of the prohibited activities detailed in

   this Order, including but not limited to, by providing services necessary

   for Defendants to continue operating Defendants Online Storefronts associated with Infringing Products in a

   manner that violates this Order.

## Asset Restraining Order

12.     IT IS HEREBY ORDERED, pursuant to Fed. R. Civ. P. 64 and 65, as well as

C.P.L.R. § 6201, and this Court's inherent equitable power to issue provisional remedies

ancillary to its authority to provide final equitable relief, as sufficient cause has been shown,

Defendants and any persons in active concert or participation with them who have actual notice

of this Order shall be temporarily restrained and enjoined from transferring or disposing of any

money or other of Defendants' assets until further ordered by this Court.

13.    IT IS HEREBY ORDERED, that within five (5) days of receipt of service of this Order, the Service Providers and any other online service provider hosting or servicing a Defendants' Online Storefront shall (i) locate all accounts and Online Storefronts associated with Defendants' User Accounts" and Defendants' Assets associated with Infringing Products (ii) locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' User Accounts, associated with Infringing Products (iii) locate, attach, and restrain the transfer or disposing of Defendants' Assets associated with Infringing Products, until further ordered by this Court.

14.    IT IS HEREBY ORDERED, that within five (5) days of receipt of service of this Order, that (i) PayPal, Inc, (ii) Payoneer Inc., (iii) WorldPay, Inc., and (iv) any other banks, payment processors, and money transmitters (collectively referred to as the "Financial Institutions") shall locate attach, and restrain the transfer or disposing of monies or funds from all financial accounts associated with Defendants ("Defendants' Financial Accounts") and other Defendants' Assets associated with Infringing Products, until further ordered by this Court.

15.    IT IS HEREBY ORDERED, that upon compliance with the foregoing, the Service Providers, Financial Institutions, and other entities identified herein shall provide written confirmation of their compliance to Plaintiff's counsel.

## EXPEDITED DISCOVERY

16.    IT IS HEREBY ORDERED, as sufficient cause has been shown, within five (5) days of receipt of service of this Order, the Service Providers in their capacity as online marketplace platforms, any domain name registry providing service to any Defendant, any other online service provider hosting or servicing the Website, shall provide the following information to Plaintiff's counsel (to the extent such information is within the aforementioned entities' possession, custody, or control):

a. Identifying information for Defendants, including all available contact information (which shall include, if available, all known email addresses and mailing addresses), as well as account numbers and account balances; associated with Infringing Products

b. Any online storefronts, Defendant Accounts, and/or online marketplace websites associated with Infringing Products affiliated with Defendants, other than the Website;

17.     IT IS HEREBY ORDERED, as sufficient cause has been shown, within five (5) days of receipt of service of this Order, the Service all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, associated with Infringing Products including, but not limited to, documents and records relating to

a. Account Numbers;

b. Current account Balances;

c. Any and all identifying information for Defendants and the Website, including but not limited to, names, addresses, and contact information;

d. Any and all account opening documents and records, including but not limited to, account applications, signature cards, identification documents, and if a business entity, and all business documents provided for the opening of each and every of Defendants' Financial Accounts; and

e. Any and all withdrawals from each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

18.     Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York, and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within twenty-eight (28) days of service to Plaintiff's counsel.

19.     Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 24 of the Federal Rules of Civil Procedure, and Defendants who are served with this Order and the requests for production of documents shall produce all documents responsive to such requests within twenty-eight (28) days of service to Plaintiff's counsel.

## ORDER AUTHORIZING BIFURCATED SERVICE

20.     IT IS HEREBY ORDERED as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Service Providers' and the Financial Institutions' compliance with Paragraphs 13, 14, and 15 of this Order, as well as the Service Providers' compliance with Paragraph 16 of this Order.

21.     Service of this Order upon the Service Providers and Financial Institutions may be effectuated by registered e-mail as these entities are non-parties, and electronic service by registered e-mail is reasonably designed and calculated to advise them of their responsibilities under this Order, particularly given the sophistication of the entities. Pursuant to Article 15 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, this electronic service is authorized for the purposes of the TRO only.

## SECURITY BOND

22.     Plaintiff shall deposit with the Court ~~One Thousand Dollars ($1,000.00)~~ Twenty-Five Thousand Dollars ($25,000)* either by cash or law firm check, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

*Given the number of Defendants, the Court finds that a lower bond, as requested by Plaintiff, would be insufficient to protect against the risk of improper injunction.

## ORDER TO SHOW CAUSE WHY A
## PRELIMINARY INJUNCTION SHOULD NOT ISSUE

23.     Defendants may appear and move to dissolve or modify the Order on five (5)

days' notice to Plaintiff or on shorter notice as set by this Court.

24.     **IT IS FURTHER ORDERED** that a hearing shall be held on

**May 5, 2026** _____ at __**2:00 p.m.**__ in which Plaintiff may present its arguments in support

of its request for issuance of a preliminary injunction. At such time, any Defendants may also be

The conference will be held remotely by telephone in accordance
heard as to opposition to Plaintiff's Application. with Rule 3.B of the Court's Individual Rules and Practices in Civil
Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on or
**By the same date,** Plaintiff shall file a proposed preliminary injunction. Plaintiff shall file any
reply in support of the preliminary injunction no later than **May 1, 2026.**
before __**April 28, 2026.**__. The Temporary Restraining Order without notice is entered

at _____ on __April 8, 2026__ and shall remain in effect for twenty eight (28) days.

25.     **IT IS FURTHER ORDERED** that Defendants are hereby given notice that

failure to appear the show cause hearing scheduled above may result in the imposition of a

preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect

immediately upon the expiration of this Order, and may extend throughout the length of the

litigation under the same terms and conditions set forth in this Order.

SO ORDERED

Dated: __April 8, 2026__

_____
LEWIS J. LIMAN
United States District Judge

**SEALING ORDER**
Plaintiff's motion to file under seal, *see* ECF No. 6, is GRANTED.  Plaintiff shall file a letter regarding the
continuing need for sealing when (1) there is no longer a need to keep the matter under seal or (2) within fourteen
days, whichever is earlier.  The Clerk of Court is directed to terminate ECF No. 6.