UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____ X
                                          :
FOX SHIVER LLC                            :
                                          :        Case No.: 26-cv-2783-JMF
     Plaintiffs,                          :
                                          :
     v.                                   :
                                          :
ABC CORP AND DOES  1-100                  :
                                          :
     Defendants.                          :
_____ X

## MOTION TO MODIFY BOND AMOUNT

In conjunction with the Temporary Restraining Order ("TRO") in this matter, entered on April 8, 2026, the Court set forth a bond requirement of Twenty-Five Thousand Dollars ($25,000.00) (the "Bond Amount"). Plaintiff suggested that a $1,000 bond would be appropriate; however, the Court stated that "[g]iven the number of Defendants, the Court finds that a lower bond, as requested by Plaintiff, would be insufficient to protect against the risk of improper injunction."

This concern, while understandable in cases involving numerous independent sellers and coordinated marketplace activity, does not apply to the present action. Although the Complaint includes "Does 1–100," those allegations are included solely as placeholders for individuals or entities potentially involved in the same unified storefront operation.

The alleged infringement in this action arises from a single online storefront operating through a unified website. As such, this case does not present the type of aggregated risk across multiple independent defendants that would justify a heightened bond. Clarifying this distinction

demonstrates that a reduced, nominal bond would fully satisfy Rule 65(c)'s purpose without exposing Defendants to any meaningful risk of uncompensated harm.

## I.        LEGAL STANDARD

Federal Rule of Civil Procedure 65(c) provides that a court may issue injunctive relief "only if the movant gives security in an amount that the court considers proper." The determination of the appropriate bond amount is committed to the Court's discretion. *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997).

That discretion includes the authority to reduce or dispense with a bond entirely where there is no showing of a likelihood of harm to the enjoined party. *Corning Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156, 158 (2d Cir. 2004); *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996).

## II.       THE CURRENT BOND AMOUNT APPEARS TO REFLECT A DIFFERENT CASE STRUCTURE THAN PRESENT HERE

The Court imposed a $25,000 bond based on the stated concern that, "[g]iven the number of Defendants," a lower bond would be insufficient to protect against the risk of an improper injunction. Plaintiff respectfully submits that this concern may reflect an understanding of the case structure that differs from the circumstances presented here.

Although the Complaint includes "ABC Corp. and Does 1–100," those Doe defendants are not intended to represent numerous independent commercial actors. Rather, they are placeholder allegations included to account for individuals or entities who may be involved in the same unified storefront operation, including those who may be directly or secondarily liable. ***This action concerns a single online storefront, rather than a marketplace case involving multiple sellers.***

In light of this more limited structure, the risk profile here differs from cases involving numerous independent defendants, where courts may impose higher bonds to account for the possibility of broader, unintended restraint.

### III.    THE RISK OF WRONGFUL HARM IS MINIMAL AND DOES NOT JUSTIFY A $25,000 BOND

The purpose of a Rule 65(c) bond is to secure against damages sustained by a party who is later found to have been wrongfully enjoined. In this case, that risk is minimal given the narrow scope of the TRO. The Temporary Restraining Order is narrowly tailored to address only: (1) specific products that infringe Plaintiff's copyrighted work, and (2) conduct arising from the unauthorized reproduction and sale of those products. It does not impose a broad restraint on unrelated business activities, nor does it reach lawful goods or operations beyond the infringing conduct at issue.

As set forth in Plaintiff's application, Defendants reproduced either exact or substantially identical versions of the Subject Work and offered those products for sale without authorization. The record reflects clear instances of direct copying, as well as derivative variations that retain the same protectable elements and overall expressive content.

The Court has already determined that Plaintiff is likely to succeed on the merits. Where, as here, the likelihood of success is strong, the probability that Defendants have been wrongfully enjoined is correspondingly low.

In these circumstances, the potential for cognizable damages arising from the TRO is limited, and a substantial bond is not necessary to satisfy Rule 65(c)'s purpose. A nominal bond would adequately protect Defendants against any conceivable risk of wrongful harm while remaining proportionate to the scope of the relief entered.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that the current bond amount exceeds what is necessary to satisfy the purpose of Rule 65(c) and does not reflect the limited scope and risk profile of this action.

Accordingly, Plaintiff respectfully requests that the Court modify its April 8, 2026 Order and reduce the bond amount to $1,000, which is sufficient to satisfy Rule 65(c) under the circumstances.

Dated: April 9, 2026                    Respectfully submitted

By: /s/ Dmitry Lapin
Dmitry Lapin, Esq.
Axenfeld Law Group, LLC
2001 Market Street, STE 2500
Philadelphia PA 19103
Dmitry@axenfeldlaw.com
917-979-4570

*Attorneys for Plaintiffs*

## CERTIFICATE OF WORD COUNT

I, Dmitry Lapin, hereby certify that this memoranda consists of 776 words (as indicated by Microsoft Word's word count tool), excluding the case caption, signature block, and this Certification.

Dated: April 9, 2026                    /s/ Dmitry Lapin
                                         Dmitry Lapin

Plaintiff's motion to file the present motion to modify the bond amount under seal is GRANTED. Upon reflection, and in light of Plaintiff's clarification, the amount of the bond is hereby reduced to $10,000. The Clerk of Court is directed to terminate ECF Nos. 12 and 13 and to file this endorsed document under seal, with viewing privileges limited to the Court and the filing party only.

SO ORDERED.

April 10, 2026